(Lucas County, Common Pleas Court.)
September Term, 1894.

MILES v. BARBOUR & STAR.

————

*Defective appliances—Latest improvements—Personal injury by employe—*The allegations in the petition that the machine was not of the latest patent, and that if the machine had contained the latest improvement, the accident would not have happened, and that plaintiff was not aware that these late improvements were absent, are not allegations of facts from which negligence of defendants could be concluded; but would be proper in evidence to rebut defendants' claim that they were using such machinery as parties in their line of business generally use.

————

Motion to strike from petition.

HARMON, J.

Plaintiff brings his action for damages caused, as he claims, by negligence on part of the defendants in providing dangerous and defective machinery for the use of the plaintiff, an employe of defendants.

Plaintiff alleges in his petition that he was at work in defendant's mill, running a planer which was constructed to plane boards on both sides at the same time. He says that there was a pipe attached to the planer with a fan intended to produce a current of air in the pipe to carry away the shavings from the knives of the planer. He says that the pipe and fan did not work effectively, and that it was necessary to remove the shavings with a stick or the hand, when they accumulated so as to clog the action of the machinery. Plaintiff says that there was a lever attached to the machine, which when turned to a certain point, would stop the revolutions of the wheels, cogs and knives; that the machinery got out of order, so that when the lever was turned to the point where it was intended to stop the movement of the wheels, cogs and knives, it would not stop them. Plaintiff alleges that he called the attention of the defendant's foreman to the defective condition of the planer, and that the foreman did some work upon it and told plaintiff that it was in proper order, and that the lever would stop the machinery when turned to the proper point; that plaintiff supposed that the machinery was in safe condition to use, and after using it so as to accumulate shavings which needed to be removed, he turned the lever to the point where it would have stopped the machinery if it had been in proper and safe condition; and that he supposed the machinery had stopped, and proceeded to remove the shavings with a stick; but, in fact the wheels, cogs and knives had not stopped owing to the failure of the foreman to put the machinery in proper repair and condition; and by reason of its not being in proper condition, plaintiff's fingers were caught in the machinery; one was torn off, two broken, his hand crushed and permanently disabled for use.

The plaintiff then goes on to state that the machine was not the latest patent, and that only a few such machines were made and sold by the manufacturers; that the machines were afterwards improved by three additional patents, and protection to the operators of the machine was provided so as to greatly diminish the danger; that the machine which the defendants had was one of the first machines made, not the latest improved machine, and that if the machine had been provided with the latest improvements, plaintiff would not have been injured; plaintiff also alleges that he was ignorant that later improvements had not been made, and did not know that the machine he was using was lacking in the additions which made it more safe to be used.

The defendants move to strike out from plaintiff's petition all allegations relative to the machine in use at defendant's mill not having the latest improvements; also the allegation that plaintiff was ignorant that it did not have the latest improvements.

The court held, that the allegations in plaintiff's petition which the defendants moved to strike out, were not allegations of fact from which a conclusion of negligence on the part of the defendants could be drawn; that if such facts could be shown at all, they might perhaps be brought in by way of rebuttal of the defendants' claim that they were using such machinery as parties engaged in business similar to theirs were accustomed to use. If introduced in this way, they would be mere matters of evidence, and need not be pleaded.

Motion granted.

————

END OF VOLUME THREE.